# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:25-cv-00182-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA upon the relation and for the use of the TENNESSEE VALLEY AUTHORITY, <br><br> Plaintiff, <br><br> vs. <br><br> A TEMPORARY RIGHT TO ENTER UPON LAND IN CHEROKEE COUNTY, NORTH CAROLINA, and ROBERT L. GARLAND, JR. a/k/a ROBERT LEE GARLAND, JR., <br><br> Defendants. | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Partial Judgment on the Pleadings [Doc. 33] and the Defendant's "Revised Compensation-Only Motion to Modify Expert Deadline and Preserve Valuation Evidence for Just Compensation" [Doc. 57].

## I.    BACKGROUND

On June 18, 2025, the Plaintiff initiated this action and filed a Declaration of Taking ("Declaration") pursuant to 40 U.S.C. §§ 3114-18. [Doc. 1-2].  The Declaration describes the property to be taken in this action

as "the temporary right to enter upon land . . . designated in the records of the Tennessee Valley Authority as tract number APMC-1000-TE for the purpose of conducting surveys, core drilling, title investigations, environmental studies, appraisals, and related activities." [Doc. 1-2 at ¶ 1]. On August 15, 2025, the Plaintiff filed Notice of Tendering Deposit of $10, which is the amount the Plaintiff estimated to be just and liberal compensation for the property rights acquired in this federal condemnation action. [Doc. 5]. On December 11, 2025, the Court entered an Order granting the Tennessee Valley Authority ("TVA") "the immediate possession of the real property specifically described in the Plaintiff's Declaration to the extent necessary to allow, enable, and permit the Plaintiff to carry on and perform the operations described in the Declaration." [Doc. 13 at 3].

On December 29, 2025, the Defendant, proceeding *pro se*, filed an Emergency Motion to Limit Right of Entry. [Doc. 14]. The Court held a hearing on the Defendant's motion on February 4, 2026. At the hearing, the Court reviewed the activities set out by the Plaintiff within its Declaration and thus defining the extent of its taking. [Doc. 18 at 3-4]. The Plaintiff confirmed that any ground disturbance caused would be immediately remediated, and the Defendant confirmed that he had no objection to the activities proposed by the Plaintiff, and no objection to the Declaration of Taking as so defined

2

and clarified.  [Id. at 4].  Accordingly, the Court denied the Defendant's motion and reaffirmed the December 11, 2025 Order.  [Id. at 4-5].

On April 10, 2026, the Plaintiff filed the present Motion for Partial Judgment on the Pleadings.  [Doc. 33].  The Defendant subsequently submitted five filings seeking miscellaneous forms of relief.  [Docs. 41, 46, 47, 50, 51].  The Court held a hearing on the Plaintiff's motion and the Defendant's filings on June 17, 2026.  At the hearing, the Court discussed the Plaintiff's motion with the parties and agreed to permit the Plaintiff to file a supplemental brief and the Defendant to file a brief in response.  See [Doc. 54 at 5].  Those briefs have now been filed.  [Docs. 55, 56].  The Court also discussed the Defendant's filings with the parties and advised the Defendant that such filings were filled with impertinent material and warranted no relief. See [Doc. 54 at 5-6].  The Court reminded the Defendant that this condemnation action concerns only the temporary right of entry taken by the Plaintiff and *not* any future additional taking by the Plaintiff or activities by the Plaintiff on property not owned by the Defendant.  The Court further put the Defendant on notice that future filings of impertinent material would be summarily stricken from the record, and the Court cautioned the Defendant regarding his use of artificial intelligence.  The Defendant represented that he understood the Court's directions.  The Defendant also informed the Court

that he would request a twenty-one-day extension to the expert report deadline. On June 18, 2026, the Defendant filed such motion to extend. [Doc. 53]. On June 22, 2026, the Court granted the Defendant's motion and extended the Defendant's expert report deadline through and including July 9, 2026. [Doc. 54 at 6-7].

On July 7, 2026, the Defendant filed another motion seeking both to extend the expert report deadline by ninety days and to require the Plaintiff to preserve "valuation evidence." [Doc. 57 at 1]. The Defendant also filed, purportedly "as valuation context for Defendant's real-property just-compensation claim," a raft of documents related to the Defendant's apparent business interests. [Doc. 57 at 2]. The documents include a "Capability Statement," a "Project Delivery Model," and a "Banker Cooperation Model" for a business founded and led by the Defendant that purports to be a "contractor supply-chain platform." [Doc. 57-3 at 1-12]. The documents also include trademark and patent documents, many of which are in foreign languages, and other product-related documents, including twelve pages of customer reviews, for an automatic pill dispenser developed by the Defendant. [Doc. 57-4 at 1-129]. The product-related materials also include what appear to be unedited outputs from an artificial intelligence platform, such as directions to "not file the raw 150+ MB ZIP packages on

4

the Court docket unless required" and to "[u]se allegations carefully."  [Id. at 124].  Finally, the Defendant's filing also includes documents from 1997 regarding what appears to be the Economic Development Administration's audit of a Farmer's Market Project in Cherokee County, North Carolina and its relationship to a stone and rock business then-run by the Defendant.  [Id. at 130-45].

The Defendant represents that the Plaintiff opposes the Defendant's motion to extend the expert report deadline.  [Doc. 57 at 2].

## II.    DISCUSSION

### A.    Motion to Extend

As a preliminary matter, the Defendant has, once again, filed voluminous impertinent materials with the Court.  The Defendant represents that he "does not seek entity damages or relief belonging to Garland & Zhang, LLC or any other business entity," yet he nevertheless contends that he has offered his business-related documents "to show that the appraiser should not be forced to value the [Defendant's] property on an incomplete record."  [Doc. 57 at 2].  The Court, however, is unable to discern any relationship between the Defendant's business interests and the temporary takings by the Plaintiff that are at issue in this matter.  The Court previously put the Defendant on notice that impertinent materials would be summarily

stricken from the record. Accordingly, because three of the four attachments to the Defendant's motion concern apparent business interests of the Defendant that are of no moment to the merits of this case, the Court will strike those filings from the record for impertinence.

As to the Defendant's motion to extend the expert report deadline, the Magistrate Judge entered the Case Management Plan in this matter on March 17, 2026 and set the expert report deadline for three months later on June 18, 2026. [Doc. 27 at 2]. Upon motion of the Defendant, the Court subsequently extended that deadline through July 9, 2026. [Doc. 54 at 9]. Despite having several months to prepare for the submission of expert reports, the Defendant represents in his motion that he has not yet even secured an appraiser for the property interest in question. [Doc. 57 at 2]. This representation reveals a lack of diligence by the Defendant that weighs against the merits of his motion to extend.

Moreover, the Defendant represents that one of the appraisers he contacted "indicated that a responsible report would require a minimum of approximately five weeks." [Id.]. The Defendant's motion, along with the Defendant's prior representations to this Court, indicate that the Defendant may misunderstand the scope of the compensation issue in this matter. As the Court reminded the Defendant at the June 17, 2026 hearing, the

6

compensation issue is narrow and is limited to the value of the temporary taking by the Plaintiff.  Such taking appears to have been limited to two entries onto the Defendant's property for the purpose of conducting surveys.  Accordingly, for lack of diligence and for failure to show good cause, the Defendant's motion to extend the expert report deadline will be denied.

## B.     Motion for Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  In evaluating such a motion, the Court is limited to considering the parties' *pleadings*, such as a plaintiff's Complaint and a defendant's Answer, as well as any documents attached thereto.  See Fed. R. Civ. P. 7(a); see also Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013).

The process for condemning real and personal property by eminent domain is governed by Rule 71.1 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 71.1(a).  That rule establishes that a "defendant that has an objection or defense to the taking must serve an answer within 21 days after being served with the notice," a "defendant waives all objections or defenses not stated in its answer," and "[n]o other pleading or motion asserting an additional objection or defense is allowed."  Fed. R. Civ. P. 71.1(e)(2), (3). However, "at the trial on compensation, a defendant—whether or not it has

7

previously appeared or answered—may present evidence on the amount of compensation to be paid." Fed. R. Civ. P. 71.1(e)(3). The trial on compensation is conducted by the Court unless a party demands a jury trial "within the time to answer or within any additional time the court sets." Fed. R. Civ. P. 71.1(h).

Here, the Defendant never filed an Answer to the Plaintiff's Complaint or a Response to the Plaintiff's Motion for Judgment on the Pleadings, and the Defendant has repeatedly represented that he does not contest the lawfulness of the Plaintiff's temporary taking of a right to enter his property. See, e.g., [Doc. 14 at 4; Doc. 17 at 2; Doc. 28 at 1; Doc. 41 at 2]. Moreover, the Court previously entered an Order granting the Plaintiff immediate possession of the property rights at issue and subsequently reaffirmed that Order. [Docs. 13, 18]. Accordingly, there appears to be no dispute regarding the lawfulness of the Plaintiff's taking.

At the June 17, 2026 hearing, the Plaintiff was unable to confirm that no further entry onto the Defendant's property would occur under the temporary right to enter taken in this matter. In the Plaintiff's Supplemental Brief, however, the Plaintiff represented that "TVA completed [its] surveys on June 3, 2026." [Doc. 55 at 4]; see also [id. at 5 ("TVA's survey activities are concluded.")]. The Defendant does not dispute that representation. [Doc. 56

at 4]. Instead, the Defendant appears only to be concerned that he not be prevented "from developing and presenting valuation evidence." [Id.]. Accordingly, the Court construes the Plaintiff's representation regarding the completion of its activities as a judicial admission and concludes that the Plaintiff's temporary right to enter has been discharged and the scope of such right is limited to the Plaintiff's prior entries. See Minter v. Wells Fargo Bank, N.A., 762 F.3d 339, 347 (4th Cir. 2014) (noting that counsel's representations may constitute binding admissions if they are deliberate, clear, and unambiguous). Any future entry onto the Defendant's property by the Plaintiff will require the Plaintiff to file a new Declaration of Taking.

Because the Court has previously granted the Plaintiff possession of the property rights at issue and the temporary taking has now concluded, and because the Defendant does not contest the lawfulness of the taking, the Court concludes that the only issue remaining in this matter is the determination of just compensation. Accordingly, the Court will grant the Plaintiff's motion for partial judgment on the pleadings.

This matter shall proceed to trial solely on the issue of just compensation. Because the Defendant has not demanded a jury trial, the Court will conduct a bench trial on the just compensation issue. That trial has been set for the January 11, 2027 trial term, and the deadlines for

9

discovery, mediation, and dispositive motions have all been provided in the Court's prior Order.  [Doc. 54 at 9].

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Partial Judgment on the Pleadings [Doc. 33] is hereby **GRANTED**.  This matter shall proceed to trial solely on the issue of just compensation.

**IT IS FURTHER ORDERED** that the Defendant's Revised Compensation-Only Motion to Modify Expert Deadline and Preserve Valuation Evidence for Just Compensation [Doc. 57] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the three impertinent attachments to the Defendant's motion [Docs. 57-2, 57-3, 57-4] are hereby **STRICKEN**.

**IT IS SO ORDERED**.

Signed: July 11, 2026

Martin Reidinger
Chief United States District Judge